UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY JAIL,<br><br>　　　　　Defendant. | No.: 1:18-cv-01158 BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOOMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

## I.　Introduction

Plaintiff Raymond Chad Watkins is a former pretrial detainee proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. On November 7, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 7.) Plaintiff's first amended complaint, filed on November 21, 2018, is currently before the Court. (ECF No. 8.)

## II.　Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.    Allegations**

Plaintiff is currently housed at Napa State Hospital in Napa, California. The events in the amended complaint are alleged to have occurred while Plaintiff was a pretrial detainee housed in the Tuolumne County Jail in Sonora, California. Plaintiff names the following defendants: (1) Tuolumne County Jail: (2) John Does #1-20, Tuolumne County Jail mail room staff; (3) Jane Does #1-20, mail room staff; (4) Staff Sergeant Roberts; and (5) Staff Corporal Green.

Claim I

In Claim I, Plaintiff asserts a violation of his right to petition the government for grievances. Plaintiff alleges as follows:

> My legal mail was held for days or even destroyed by certain shifts/deputies. I cant [sic] pinpoint exactly who it was but several of the shifts were on Sgt Shertz crew…I requested Grievances from every Deputy that worked on my Block when I found out I was being denied mail. I requested so many Grievances, that the facility staff turned my request function off on the inmate computer system.

> Deputy Teague even asked Michael Douglas to assault me. Too…I sent report requests to the smart jail mail system administrators on the maintainence [sic] function of the application about the issue with my request function being shut off…Never did get repaired. Some guards such as Max Cannon and Smiley made sure my mail got to me while others like Stallings and Teague kept it from me . . .

(ECF No. 8 at 5-6.)

### Claim II

In Claim II, Plaintiff asserts a violation of his right of access to the courts. Plaintiff alleges as follows:

> Deputies did everything in their power to keep me from having access to courts. Like Dep. Stallings sexually harrassing [sic] me and writing me up for asking about legal copy or legal mail policy on 1-30-18 or Deputy Teague and dep Richards harrassing [sic] me for askin[g] for sharpened pencils on 9-15 or 9-16. Or keeping my mail from me or making me go to video court instead of court room. See prior fileing [sic] . . .

(*Id.* at 6.)

### Claim III

In Claim III, Plaintiff asserts a failure to protect him from sexual abuse/harassment. Plaintiff alleges the following:

> When I was asking for grievances for months on end to complain of multiple issues, several officers including Deputy Teague attacked my manhood, (Talk like a man) and used vulgar sexually charged language against me. (Fuck you! You're a Bitch, ect [sic]) I have been requesting mental health care for PREA incident and Sgt. Roberts to trying to sweep the issue under the rug. The nurse has been ignoring my medical kites asking for a PREA session. I explained to her that the rule book says I can make my complaint to any jail employee I feel safe reporting to and my information will be kept confidential. They are trying to force me to report to Roberts even tho [sic] that is how I got beat up and caught Staph or mersa! The rule book shows other options to report PREA events. I have been sending letters to the inspector general and they get returned. I ask friends to call but they don't know what to say. Staff does not protect inmates from staff sexual harrassment [sic].

(*Id.* at 7.) Plaintiff asserts that he has a severe illness due to contracting a disease contracted on February 28, 2018. He also claims mental pain due to constant harassment and fear of being beaten again by deputies.

### Claim IV

In Claim IV, Plaintiff asserts unlawful punishment. He alleges as follows:

> My medical request forms get ignored for us to 1 ½ months at time when I complain about guards messing with my food. Sometimes I don't empty bowels

3

> for over 3 weeks and this is very dangerous possibly deadly. My PREA kites get ignored too. This is a violation of my right to mental health care. All of this because I filed civil suits for right violations.

(*Id.* at 8.)

Claim V

In Claim V, Plaintiff asserts a right to inmate civil actions and access to courts. Plaintiff alleges the following:

> I have been being blocked by this county for a very long time. I have proof of rights violations back as far as 2013 and they actually happened way back but no proof. Now there is proof of my right to petition the government for redress of grievances and the jail is keeping my legal mail form me in more than one legal case. My supreme court case #S 249638 never even gave me a notice that they [received] my paperwork and my case # untill [sic] I got the denial filed on 8-8-18. And my privilege of using the inmate computer system to make requests has been taken away because I exercised my 1st [Amendment] right to ask for a grievance over the system because I know my requests can't be erased. The jail is also refusing to fill out and return their portion of the Petition to Proceed in forma pauperis and refuse tort paperwork. The facility I am in refuses to give access to copies of necessary legal documents, even refuses inmates to mail documents privatly [sic] to be copied by a friend. The jail even disciplines inmates for assisting each other with post conviction relief. There is also a way to listen in on Attorney-Client interviews in the attorney booth at the jail.

(*Id.* at 9.)

**IV. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Although Plaintiff's amended complaint is relatively short, it lacks sufficient factual allegations to state a claim for relief. Like his original complaint, Plaintiff's amended complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what

4

happened, who was involved, when it occurred, and where it occurred. Without these facts, the Court cannot find any cognizable claim. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendant(s) and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As with his original complaint, Plaintiff fails to link any specific defendant to any alleged deprivation of his rights. Plaintiff fails to clearly state which defendant(s) was responsible for each alleged violation of his constitutional rights and the factual basis for such a claim. Plaintiff's amended complaint fails to put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

**C.     Grievances**

In Claims I and V, Plaintiff asserts various issues regarding the grievance process at the jail. As Plaintiff was previously informed, prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Correctional or jail officials are not required under federal law to process inmate grievances in any specific way. Allegations that correctional or jail officials denied or refused to process grievances do not state a cognizable

claim for a violation of a prisoner's due process rights, because there is no right to a particular grievance process or response.  *See, e.g., Rodriguez v. Moore*, No. 2:18-cv-1089-TLN-KJN P, 2018 WL 3203131, at *3 (E.D. Cal. June 28, 2018) (finding pretrial detainee had no due process right to a grievance procedure).  Plaintiff cannot cure the deficiencies in his complaint regarding the grievance process.

**D.     Access to Courts**

Prisoners (including pretrial detainees) have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison or jail's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison or jail's program hindered his efforts to pursue a non-frivolous claim concerning a conviction or conditions of confinement.  *See id*. at 354-55.

The amended complaint does not plead sufficient facts to show a violation of Plaintiff's right to access the courts.  Plaintiff has not demonstrated an actual injury or that he was prevented from pursuing a colorable claim in court concerning either his conviction or his conditions of confinement.  Indeed, there is no indication that Plaintiff was unable to mail pleadings or other documents to court or that he was somehow hindered in doing so.  Plaintiff has been unable cure this deficiency.

**E.     Mail**

Prisoners (including pretrial detainees) have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security.  *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overturned on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989).  For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside.  *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).

6

When incoming mail is legal mail, there are heightened concerns with allowing correctional or jail officials unfettered discretion in opening and reading an inmate's mail. Prisoners have a Sixth Amendment right to confer privately with counsel and the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right. *Id*. at 1196–97 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected). "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense." *Id*. at 1198 (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014)).

"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). "[A]ll correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

As with his original complaint, Plaintiff has not pled sufficient facts to show any violation of his constitutional rights to send and receive mail. Plaintiff's amended allegations do not demonstrate when any mail was withheld, opened, read or destroyed, the nature of that mail, or the person(s) responsible. That Plaintiff may not have received a particular notification from a court does not indicate that any such notice was in fact sent to Plaintiff or was otherwise withheld. There also is no indication that the failure to receive such notification hindered or precluded Plaintiff from pursuing non-frivolous claims. Plaintiff has been unable to cure this deficiency.

**F.    Retaliation**

Prisoners (including pretrial detainees) have a First Amendment right to file grievances against correctional or jail officials and to be free from retaliation for doing so. *Watson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Likewise, prisoners have a right to pursue civil rights claims free from retaliation.

A retaliation claim has five elements. *Id*. at 1114. First, the plaintiff must allege that the retaliated-against conduct is protected. *Id*. The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to

7

petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). *See also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. In other words, the plaintiff must show that the retaliation was because of the protected conduct.

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo*, 778 F.2d at 532.

As noted above, a plaintiff need only allege facts sufficient to support a plausible claim for relief, but the mere possibility of misconduct is not sufficient. *Iqbal*, 556 U.S. at 678-79. The Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, mere allegations that a plaintiff engaged in protected activity, without knowledge resulting in animus by a defendant, is insufficient to show that a plaintiff's protected activity was the motivating factor behind a defendant's actions.

Here, Plaintiff states in a conclusory fashion that he has been retaliated against, but it is not clear by whom or when. As discussed below, allegations of name-calling do not rise to the level of a constitutional violation, and there is no apparent connection between any defendant in this action and the vague assertions of withheld mail based on some generalized, reportedly protected conduct. Plaintiff has been unable to cure the deficiency in this claim.

**G.     Conditions of Confinement**

"[P]re-adjudication detainees retain greater liberty protections than convicted ones." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee,

Plaintiff is protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-536 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-1018 (9th Cir. 2010).

It is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, which governs pretrial detainees. *Castro v. County of Log Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). In order to state a cognizable claim for unconstitutional conditions of confinement related to a risk to safety or health, a plaintiff must specifically plead as follows: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071. With respect to the third element, the defendant's conduct must be "objectively unreasonable." *Id*. (citing *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015)).

Here, Plaintiff has not stated sufficient facts to state any claim based on the conditions of his confinement at the jail. Mere vulgar language or name-calling, although distasteful, is insufficient to state a claim for the violation of any constitutional rights.

### H. Medical Care/Treatment

The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Here, Plaintiff's allegations regarding the denial of unspecified medical treatment are insufficient to state a cognizable claim. In Claim III, Plaintiff alleges that he had requested mental health care for a PREA incident presumably related to alleged sexual harassment. However, there is no indication that Plaintiff suffered injuries attributable to some unspecified denial of mental health care or that any individual defendant made an intentional decision that put Plaintiff at substantial risk for suffering any harm.

In Claim IV, Plaintiff alleges that some unspecified medical requests were ignored by unknown persons and he repeats his claims about PREA kites being ignored. Plaintiff's generalized and conclusory statements are not sufficient to state a cognizable claim for denial of medical care. There is nothing to suggest that any individual defendant made an intentional decision that put Plaintiff at substantial risk for suffering any harm or that Plaintiff suffered any injuries relative to this claim.

## VI. Conclusion

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2019**      /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE